UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * * * |
| v. | * * |
| KURT LEO ROBERSON, | * Criminal Action No. 23-cr-10049-ADB * |
| Defendant. | * * * * |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

BURROUGHS, D.J.

Currently before the Court is Kurt Roberson's ("Roberson") motion for compassionate release. [ECF No. 27]. For the reasons set forth below, the motion is DENIED.

I.      FACTUAL BACKGROUND

On May 11, 2023, Roberson pled guilty to one count of attempting to possess with the intent to distribute 500 grams or more of cocaine. [ECF Nos. 6, 11]. The charges arose from a reverse sting in which he arranged to purchase 8 kilograms of cocaine from a confidential source who was working with the Drug Enforcement Agency ("DEA"). At sentencing, the Court found his advisory guideline sentencing range to be 78-97 months. See [ECF No. 26]. The Government recommended a sentence of 86 months incarceration and Roberson sought a sentence of 63 months. See [ECF Nos. 17, 18]. The Court imposed a sentence of 60 months, a sentence lower than that requested by either party and below the bottom of the applicable guideline sentencing range. [ECF No. 19]. Roberson has now served approximately 22 months of that sentence, and, according to the Government, is scheduled for release in December 2025. [ECF No. 32 at 2].

Roberson bases his request for early release on his own health and that of his adult daughter. He is approximately 45 years old and reports a series of underlying health issues, including gout, high cholesterol, diabetes, depression and anxiety, many of which were considered at sentencing and none of which seem to have worsened significantly during his period of incarceration. See [ECF Nos. 17, 27, 30, 35]. He further asserts that his daughter's medical situation warrants his release, but this too was considered and taken into account at his sentencing. Id.

## II.     PROCEDURAL BACKGROUND

Roberson claims to have exhausted his administrative remedies, although the Government disputes this. [ECF Nos. 27, 32, 35]. On May 15, 2024, he filed a pro se "Emergency Motion for Sentence Reduction," [ECF No. 27], and an addendum to the motion on August 22, 2024, [ECF No. 30]. The government responded to the motion on August 26, 2024 [ECF No. 32], and Roberson's counsel filed a "Status and Response to Government's Opposition to Kurt Roberson's Pro-Se Request for Compassionate Release" on September 3, 2024. [ECF Nos. 32, 35].

## III.    DISCUSSION

Roberson seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF Nos. 27, 35]. Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP"). The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

>bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

>(1)(A) extraordinary and compelling reasons warrant the reduction; . . .
>(2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and
>(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Roberson has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

For purposes of the current motion, the Court will assume, arguendo, that Roberson has exhausted his administrative remedies. Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the

3

§ 3553(a) sentencing factors and the Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

      A.      **"Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)**

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).  Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons."  United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Here, Roberson puts forth little evidence that his medical condition has worsened since he was incarcerated or that the medical care he has received is inadequate.  Moreover, none of his medical conditions, taken alone or in combination, are serious enough to qualify as extraordinary or compelling.  Again, the Court is sympathetic to his daughter's situation, but her health was considered at the time of his initial sentencing, and the Court fully understood her prognosis at that time and imposed as low a sentence as it felt it could in good conscience based in significant part on his daughter's medical condition.  The expected progression of the disease does not constitute a reason for an earlier release.

Thus, the Court finds that Roberson has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

### B. Dangerousness and the § 3553(a) Factors

Although Roberson has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Roberson is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Here, given his medical situation and post-conviction rehabilitative efforts, there is some reason to hope and believe that he, if released, would not pose any danger to the safety of the community. That said, the nature of the offense of conviction coupled with his lengthy criminal history, which includes drug and firearm offenses as well as other crimes of violence, make it difficult to conclude that he would not be a danger.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>  (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>  . . .
>  (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
>  . . . [and]
>  (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). Although it need not in this case, the Court weighs these factors against the reasons favoring Roberson's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting

5

compassionate release, particularly whether compassionate release would undermine the goals of the original sentence."); United States v. Johnson, No. 23-6272, 2023 WL 6475329, at *2 (2d Cir. Oct. 5, 2023) (holding district court "not required to weigh the § 3553(a) factors against extraordinary circumstances it had not found).

Releasing Roberson early, given his reasons stated in support and his already significantly below guideline sentence, would be inconsistent with the purposes of sentencing, including punishment and deterrence. Although the Court sympathizes with his underlying health issues and his daughter's medical situation, at present, there is no adequate justification for reducing his sentence. Roberson's crime was serious and warrants the arguably already generous sentence imposed.

## IV.     CONCLUSION

The Court finds that Roberson has failed to meet his burden of demonstrating that compassionate release is justified. His recourse remains with the Warden or, perhaps, another motion with the Court if circumstances change. Accordingly, Roberson's motion for compassionate release, [ECF No. 27], is DENIED.

**SO ORDERED.**

September 23, 2024

                                                          /s/ Allison D. Burroughs
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE